IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TITO JAY RISNER A/K/A | § | |
| JAY MICHAEL RISNER A/K/A | § | |
| TITO RISNER A/K/A | § | |
| JAY M. RISNER A/K/A | § | |
| JOSE TITO RODRIGUEZ CALDERON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-3179-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Tito Jay Risner a/k/a Jay Michael Risner a/k/a Tito Risner a/k/a Jay M. Risner a/k/a Jose Tito Rodriguez Calderon ("Petitioner") has been found to be extraditable to the Republic of Colombia to serve a sentence for aggravated homicide. *See Matter of Extradition of Risner*, No. 3:18-mj-765-BN, 2020 WL 6118377 (N.D. Tex. Nov. 11, 2019) (in which the court entered a Certification of Extradition and Order of Commitment on December 3, 2019). And Petitioner's application for a writ of habeas corpus concerning this finding has been denied. *See Risner v. Fowler*, No. 3:19-cv-3078-N-BT, 2020 WL 4340954 (N.D. Tex. May 18, 2020), *rec. accepted*, 2020 WL 4339486 (N.D. Tex. July 27, 2020).

Petitioner did not appeal the denial of his habeas application. He instead has applied for immediate release and discharge of the Certificate of Extradition under Article 12 of the extradition treaty between the United States and Colombia, the Extradition Treaty with the Republic of Colombia, U.S.-Colom., Sept. 14, 1979, S. TREATY DOC. NO. 97-8 (1981) (the "Treaty"), *available at* 1979 U.S.T. LEXIS 199, and 18 U.S.C. § 3188 and moves for a stay of his extradition pending a ruling on his application. *See* Dkt. No. 1. And the government has filed an opposition to Petitioner's application and motion to stay. *See* Dkt. No.

5.

Under 28 U.S.C. § 636(b), the Court initially referred the application and motion to stay to United States Magistrate Judge David L. Horan, who presided over the extradition proceeding. *See* Dkt. Nos. 1 & 4. But, considering the expedited nature of this proceeding, *see, e.g.,* Dkt. No. 5 at 7 & n.7 (observing that, as of October 20, 2020, "Risner's surrender to Colombian authorities is already scheduled to occur within the next two weeks" but that, "[f]or operational security purposes, the government does not disclose the timing of scheduled surrenders"), the Court now **WITHDRAWS** the referral to Judge Horan.

And, after independently reviewing the Petitioner's application and motion to stay and the government's response, the Court **DENIES** both for the following reasons.

While Petitioner moves under Article 12 of the Treaty and § 3188, the Treaty incorporates the timing of § 3188, *see* Treaty, art. 12(3) & 12(4), and, most importantly for Petitioner, § 3188's language is not mandatory—it provides that a judge "*may* order the person" "committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, *over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States*" "to be discharged our of custody, *unless* sufficient cause is shown to such judge why such discharge ought not to be ordered." 18 U.S.C. § 3188 (emphasis added); *see also In re United States*, 713 F.2d 105, 108 (5th Cir. 1983) (Section 3188 "clearly contemplates an exercise of discretion by the court." (citing *Barrett v. United States*, 590 F.2d 624, 626 (6th Cir. 1980))); *Zhenli Ye Gon v. Dyer*, No. 7:15CV00462, 2015 WL 6026278, at *4 (W.D. Va. Oct. 9, 2015) (observing that, "if the two-month period has passed, release under § 3188 rests in the court's discretion. The plain language of the current version of this section ('may order') clearly authorizes, but does not require, a judge to discharge an accused." (citation omitted)).

The government has shown more than sufficient cause for Petitioner's remaining in custody in the United States for the 22 days that elapsed from September 27, 2020—60 days from the denial of his habeas application—to October 19, 2020—the day that he filed his Section 3188 application. *See* Dkt. No. at 6-7 (informing the Court, among other things, that "because of the COVID-19 pandemic, Colombian international airports were closed for several months, until approximately September 19, 2020. Although a limited number of flights to select Colombian cities were scheduled for reopening around September 19, 2020, all return flights to Colombia until October 3, 2020, were sold out, and the only airline with open seats to return to Bogota had a strict 'no prisoners' policy aboard its aircraft" and that "U.S. law enforcement personnel have worked many hours to make various logistical arrangements, including for scheduling, transport, and travel documents. At this point, moreover, Risner's surrender to Colombian authorities is already scheduled to occur within the next two weeks. Because the government is within the time actually necessary to convey Risner out of the country, there is no cognizable delay under Section 3188").

As Justice Godlberg observed more than 55 years ago, when § 3188 was enacted in the mid-nineteenth century, "its purpose was to ensure prompt action by the extraditing government as well as by this government so that the accused would not suffer incarceration in this country or uncertainty as to his status for long periods of time through no fault of his own." *Jimenez v. U.S. Dist. Court for S. Dist. of Fla., Miami Div.*, 84 S. Ct. 14, 18 (1963) (Goldberg, J., in chambers). Under that statute's non-mandatory language, and under the Court's considerable discretion in this context, Petitioner has not shown that his extradition should be discharged because the government has failed to act promptly to convey him "by the readiest way, out of the United States." § 3188; *see also Hababou v. Albright*, 82 F. Supp. 2d 347, 350 (D.N.J. 2000) ("[P]etitioner mistakenly relies on *Jimenez* for the proposition that he automatically should be delivered up to the foreign government within two months after commitment. *Jimenez* says no such

thing, and it is plain that the statute affords to the United States the burden to demonstrate sufficient cause to extend petitioner's detention.").

SO ORDERED.

DATED: October 26, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE